UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| AHMAD RASHAD FERGUSON )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. CV413-181<br>CR408-089 |

## REPORT AND RECOMMENDATION

Ahmad Rashad Ferguson pled guilty to, and thus was convicted of, drug charges in violation of 21 U.S.C. § 841. Doc. 28.[1] He received a 120-month sentence, *id.* at 2, well below the 40-year statutory maximum that he faced, doc. 40, and also below the 188 to 235 months calculated by the Probation Office under the U.S. Sentencing Guidelines. PSI ¶ 48. That 188 to 235 month range was based on the fact that Ferguson qualified as a career offender under the Armed Career Criminal Act (ACCA), a sentence-enhancing result. PSI ¶ 34.[2] Ferguson did not appeal that 2008

---

[1] All record citations are to the docket sheet for this criminal case. All pinpoint citations are to the page number assigned by the Court's electronic filing system to the upper right hand corner of each page.

[2] The PSI pointed out, however, that had the government sought additional

judgment but now moves for § 2255 relief. Doc. 38. He first contends that under *Moncrieffe v. Holder*, \_\_U.S. \_\_, 133 S. Ct. 1678 (2013), "the State of Georgia drug convictions" used to enhance his federal sentence do not qualify as ACCA felonies, thus entitling him to relief from his sentence. Doc. 38; *see also* doc. 44.

The government does not raise a timeliness defense. Doc. 42. Instead, it insists that the *Moncrieffe* claim is procedurally defaulted. *Id.* at 4. While *Moncrieffe* did not exist in 2008, the government nevertheless is correct that Ferguson could have raised the argument itself on appeal, but did not.[3] Hence, movant's § 2255 motion must be

---

enhancement under 21 U.S.C. § 851, he would have faced a statutory maximum of 10 years to life and a 262-327 month guidelines range. PSI ¶ 49. The government reminds that it did *not* seek § 851 enhancement. Doc. 42 at 1-2.

[3] As the Eleventh Circuit explained, in another ACCA case:

> A claim is procedurally defaulted, such that the prisoner cannot raise it in a collateral proceeding, when a defendant could have raised an issue on direct appeal but did not do so. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). A claim is procedurally defaulted even if it was foreclosed explicitly by existing circuit precedent at the time of the defendant's direct appeal. *McCoy v. United States*, 266 F.3d 1245, 1258–59 (11th Cir.2001) (noting that perceived futility does not constitute cause to excuse a procedural default).

*Hill v. United States*, 2013 WL 5526521 at *2 (11th Cir. Oct. 8, 2013). "Defendants can avoid the procedural bar by establishing that either of the following exceptions applies: (1) cause and prejudice, or (2) a miscarriage of justice based on actual innocence." *Id.*; *see also Geter v. United States*, 2013 WL 4054907 at * 4-5 (11th Cir. Aug. 13, 2013) (no ineffective-assistance based cause shown to overcome procedural default on ACCA claim). Ferguson makes no such showing here.

denied on these grounds alone.

The government also correctly argues that Ferguson's three prior convictions[4] continue to qualify under Career Offender guidelines, and that *Moncrieffe* does not alter that. *Id.* at 5-6. Put another way,

> *Moncrieffe* addressed whether a Georgia conviction for possession of marijuana with the intent to distribute constituted an "aggravated felony" for "drug trafficking" under the Immigration and Nationality Act [INA], 8 U.S.C. § 1101(a)(43)(B). \_\_U.S. \_\_, 133 S.Ct. 1678, 185 L.Ed.2d 727. [Hence, Ferguson's] reliance on *Moncrieffe* is misplaced. . . . Notably, *Moncrieffe* did not interpret a "felony drug offense" under § 841(b)(1)(B) and has no application in this case for purposes of determining whether a statutory enhancement was appropriate. Rather, Title 21, United States Code, section 802(44) provides the exclusive definition of a "felony drug offense." *Burgess v. United States*, 553 U.S. 124, 128 S.Ct. 1572, 170 L.Ed.2d 478 (2008). Specifically, a "felony drug offense" for purposes of enhanced penalties pursuant to § 841(b)(1)(B) is defined as an offense "punishable by imprisonment for more than one year under any law of the United States or of a State...." 21 U.S.C. § 802(44).

*Thomas v. United States*, 2013 WL 4855067 at * 8 (M.D. Fla. Sept. 11,

---

[4] It set them out in its brief and Ferguson, in his reply brief, does not dispute them:

> Possession of a controlled substance (marihuana) with intent to distribute, Chatham County Superior Court, docket number CR04-1574-BR (PSI ¶ 27);
>
> Possession of a controlled substance (cocaine) with intent to distribute, Chatham County Superior Court, docket number CR04-1575-BR (PSI ¶ 28)
>
> Possession of a controlled substance (cocaine) with intent to distribute and possession of tools for the commission of a crime, Chatham County Superior Court, docket number CR05-2332--BR (PSI ¶ 29).

Doc. 42 at 2 (summarizing PSI ¶¶ 27-29).

3

2013).⁵  Hence, *Moncrieffe* simply does not apply to a "controlled substance offense" under the sentencing guidelines. *Id.*; *see also Davis v. United States*, 2013 WL 6670489 at * 6 (M.D. Fla. Dec. 18, 2013). Ferguson's first clam, then, must be denied on these additional grounds.

Ferguson's only other claim is that his 120-month sentence is invalid under the Fair Sentencing Act of 2010 (FSA). Doc. 38 at 6-7. But the FSA does not apply to defendants, like Ferguson, sentenced before its enactment. *United States v. Hippolyte*, 712 F.3d 535, 542 (11th Cir. 2013) ("We agree with every other circuit to address the issue that there is no evidence that Congress intended [the FSA] to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment.") (quotes and cite omitted). So even if this claim was not, as the government correctly argues, untimely and procedurally defaulted, it nevertheless fails on the merits. Also, since there are no grounds to support Ferguson's discovery and "immediate-release" motions, docs. 41

---

⁵ As the government correctly explains: "Unlike the INA, the career offender Guidelines do not require that a predicate state conviction amount to a federal felony; rather, it is sufficient under those Guidelines if the conviction is for "an offense under federal or state law, punishable by imprisonment for a term exceeding one year." U.S.S.G. § 4B1.2(b) (emphasis added). Doc. 5 at 8; *see also Gastelum v. United States*, 2013 WL 3166200 at * 3-4 (E.D. Cal. June 20, 2013) (because "aggravated felony" is defined differently under the INA than in an ACCA case, the punishment issue analyzed in *Moncrieffe* is not implicated); *Dumas v. United States*, 2013 WL 1914329, at *4-5 (E.D. Mich. May 8, 2013).

& 45, they are denied.

Accordingly, Ahmad Rashad Ferguson's § 2255 motion (doc. 38) should be **DENIED**. The Court **DENIES** his discovery and "immediate-release" motions. Docs. 41 & 45. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 9th day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA